# EXHIBIT A

LAW OFFICES OF DAVID P. THIRUSELVAM, LLC
BY: Keith Thomas West, Esquire
121 South Broad Street, 18th Floor
Philadelphia, Pennsylvania 19107
215-546-1433 - Telephone
215-732-2072 - Fax
keith@dptlawusa.com

( ) Cash (✓) Check
( ) Money Order
Fee Paid & Entered
JUL 19 2017
# 1710
Amount $ 75
Batch # 13891

JUL 19 2017

| | | |
|---|---|---|
| GARRETT GRIFFIN, | : | SUPERIOR COURT |
| Plaintiff | : | OF NEW JERSEY |
| | : | LAW DIVISION |
| v. | : | CAMDEN COUNTY |
| | : | |
| TROPICANA ENTERTAINMENT, INC., | : | DOCKET NO. CAM-L-1594-16 |
| TROPICANA ATLANTIC CITY CORP., | : | |
| DYNAMIC DUO 8, LLC, | : | Civil Action |
| D/B/A ANTHEM LOUNGE, AND | : | |
| MAUREACE SNAPP, | : | SECOND |
| Defendants | : | AMENDED COMPLAINT |
| | : | |
| | : | JURY TRIAL DEMANDED |

Plaintiff, Garrett Griffin, by and through his attorneys, The Law Offices of David P. Thiruselvam, pursuant to *R.* 4:9-1, against the above named Defendants, avers the following:

PRELIMINARY STATEMENT

1. In the early morning of April 26, 2014, at approximately 3:00 am., Garrett Griffin was assaulted by patrons of the Tropicana Casino and Resort and/or Anthem Lounge, located in Atlantic City.

2. The "Premises" referred to in this Complaint includes the parking garage elevator, as well as the parking garage located near The Quarter, which is located within the property owned, controlled and operated collectively by the Defendants named in the caption above.

1

3. After spending some time in a restaurant located at the Tropicana in the area called The Quarter, Mr. Griffin was attempting to leave the premises by the elevator to the garage where his car was parked.

4. Unknown patrons of defendants were creating a verbal and physical disturbance inside and outside the elevator, which was visible on security video, before they assaulted the plaintiff, and left the scene.

5. The entire assault of Mr. Griffin by the unknown patrons was recorded on the security video, as well as Mr. Griffin's attempt to leave the premises in his vehicle after suffering injuries after being assaulted by the unknown patrons.

## THE PARTIES AND JURISDICTION

6. Plaintiff, Garrett Griffin, is an adult citizen of the State of New Jersey, Camden County, currently residing at 110 Lincoln Drive, Voorhees, NJ 08043.

7. Defendant, Tropicana Entertainment, Inc. (hereinafter referred to as "Tropicana, Inc."), is a business and rural entity incorporated and/or organized and operating under the laws of Delaware, with a business address at 8345 W. Sunset road, Las Vegas, Nevada 89113, with its principal place of business located at Brighton and Boardwalk Avenues, Atlantic City, New Jersey 08401, and at all relevant times to this cause of action was responsible for the protection and safety of the patrons of Tropicana Casino and Resort, and is now, and was at all material times hereto, a duly authorized legal entity doing business in Atlantic City, New Jersey .

8. Defendant, Tropicana Casino and Resort (hereinafter referred to as "Tropicana Casino"), is a New Jersey corporation with its principal place of business located at

Brighton and Boardwalk Avenues, Atlantic City, New Jersey 08401, and at all relevant times to this cause of action was responsible for the protection and safety of the patrons of Tropicana Casino and Resort.

9. Defendant, Tropicana Atlantic City Corp., (hereinafter referred to as "Tropicana AC"), is a New Jersey corporation with its principal place of business located at Brighton and Boardwalk Avenues, Atlantic City, New Jersey 08401, and at all relevant times to this cause of action was responsible for the protection and safety of the patrons of Tropicana Casino and Resort.

10. Defendant, Dynamic Duo 8, LLC, d/b/a Anthem Lounge is a New Jersey corporation with its principal place of business located at 2801 Pacific Ave, Atlantic City, NJ 08401, and at all relevant times to this cause of action acted by and through its agents and/or employees, including Maureace Snapp.

11. Defendant, Maureae Snapp, is an adult citizen of the State of New Jersey, and an agent and/or employee of the Defendants, with a business address at located at 2801 Pacific Ave, Atlantic City, NJ 0840.

12. All above named and captioned Tropicana Corporate Defendants will hereinafter be referred to collectively as the "TROPICANA" Defendants.

13. At all times material hereto, the TROPICANA Defendants owned, operated, maintained and/or controlled The Premises, which includes all elevators and parking garage near The Quarter, where the assaulting activity that led to Plaintiff's injuries took place.

3

14. At all relevant times hereto, the TROPICANA Defendants owned, controlled, possessed, maintained, and/or repaired the security equipment used on The Premises.

15. At all relevant times hereto, the TROPICANA Defendants, through its agents, servants, and/or employees, including Maureace Snapp, were engaged in providing security and surveillance to insure the safety of The Premises to all lawful business invitees, including Plaintiff, and said agents, servants, and/or employees were acting within the course and scope of their employment and/or authority for, and on the business of the TROPICANA Defendants, and under its control or right to control.

16. ALL above named and captioned DEFENDANTS ( hereinafter collectively referred to as "the Defendants") regularly and systematically conduct business in the State of New Jersey.

## FACTS COMMON TO ALL CLAIMS

17. At all relevant times hereto, The Premises were open to the public twenty four hours a day, seven days a week.

18. At all relevant times hereto, Plaintiff was a lawful business invitee on The Premises.

19. Plaintiff arrived on April 25, 2014, before midnight, to meet a friend at A Damn Good Sports Bar, located on the Defendants premises in the area called The Quarter.

20. At approximately 3:00 am on April 26, 2014, Plaintiff was leaving the Premises, by proceeding to the garage elevator for the Quarter, on Defendants' premises.

21. While Plaintiff approached the elevator, there were unknown patrons (hereinafter also referred to as "Perpetrators") who were behaving in a verbally and physically

4

threatening manner with other patrons in the area and posed a threat to the safety and security to all business invitees on The Premises, including Plaintiff.

22. The Plaintiff, Perpetrators and other patrons got in the elevator and the assaulting patrons continued their threatening behavior.

23. When the elevator stopped, one of the patrons attempted to assault other patrons outside the elevator, including plaintiff.

24. The TROPICANA DEFENDANTS made no effort to protect the security of their business invitees by removing the Perpetrators from The Premises.

25. The Plaintiff was repeatedly and brutally punched, kicked and severely injured by the assaulting patrons and left unconscious and bleeding on the floor of the defendant's premises.

26. The plaintiff eventually got up, and even though he was still profusely bleeding, suffering from serious injuries including brain trauma, and barely conscious, he managed to get on the elevator again, exit on his floor, walk to the garage, get in his vehicle and leave on his own accord.

27. Upon information and belief, the TROPICANA DEFENDANTS utilize a surveillance system that includes surveillance cameras, a recording system, and closed circuit television that should be monitored by the TROPICANA DEFENDANTS through its agents, servants, and/or employees, and that said agents, servants, and/or employees were acting within the course and scope of their employment and/or authority for, and on the business of the TROPICANA DEFENDANTS, and under its control or right to control at all material times hereto.

28. The entire episode involving the threatening and assaultive behavior of the unknown patrons, which took approximately 9 minutes, was captured on the security camera installed on the defendant's premises.

29. The TROPICANA DEFENDANTS had notice that criminal activity, specifically assaults, were occurring on The Premises prior to April 26, 2014.

30. At no time during this entire episode, which took approximately 9 minutes, on defendant's premises, did the Defendant's security guards, agents, servants, and/or employees attempt to assist the plaintiff or other patrons even though the entire episode was displayed and captured on the defendant's surveillance system.

31. The defendants employees that worked in the garage failed to render assistance to plaintiff even though he was visibly bleeding profusely and in need of medical attention.

32. It is believed and therefore averred that, in the years leading up to the brutal assault on Plaintiff, the TROPICANA DEFENDANTS reduced the level of security and surveillance of The Premises.

33. It is believed and therefore averred that the decreased level of security and surveillance, as well as negligent monitoring of defendants employees and patrons, led to an increase of criminal activity and violent crime on The Premises.

34. On and before the aforesaid date and time, the TROPICANA DEFENDANTS represented to the public both expressly and by implication that The Premises were safe and secure for the use of its' business invitees, including Plaintiff.

35. The TROPICANA DEFENDANTS failed to communicate to the public the volume of criminal activity and violent crime that was taking place on The Premises.

36. The TROPICANA DEFENDANTS actively concealed the amount of criminal activity and violent crime that was taking place on The Premises.

37. The failure of all DEFENDANTS to properly monitor and secure The Premises caused the brutal assault of Plaintiff on April 26, 2014.

38. As a direct and proximate result of the negligence of ALL DEFENDANTS, Plaintiff was brutally assaulted on April 26, 2014. Unknown patrons on the defendants' premises engaged in a gang-like attack after the plaintiff was taken to the floor while kicking, kneeing and pummeling him about his head, face and body.

39. After being taken over by force by the Defendant's unknown patrons, plaintiff was unlawfully detained against his will, while enduring further assault.

40. The Defendant's security guards, agents, servants, and/ or employees, including Maureace Snapp, violated hotel, casino, and hospitality protocols as well as express and implied promises and representations made and owed to plaintiff as a business invitee by failing to protect him from the assault and render assistance.

41. Plaintiff did not behave or conduct himself in any way as would reasonably provoke any type of the attack.

42. The egregious gang-like attack caused physical, mental, brain related trauma, and emotional injury to Plaintiff, requiring surgery and medication.

43. As a direct and proximate result of the actions, inactions and negligence of ALL DEFENDANTS, Plaintiff suffered serious permanent injuries on April 26, 2014.

## ~~COUNT ONE - NEGLIGENCE~~
## PLAINTIFF v. ALL DEFENDANTS

44. Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

45. Plaintiff was a lawful business invitee and, as such, DEFENDANTS owed him the highest duty of care.

46. DEFENDANTS had a non-delegable duty to provide a safe and secure environment to all business invitees of The Premises, including Plaintiff.

47. At all times material hereto, DEFENDANTS assumed responsibility for the safety and security of business invitees on The Premises, and in conjunction therewith, established plans, accommodations, recommendations, designs, guidelines, specifications, protocols, rules, regulations, policies, and programs for The Premises.

48. Having undertaken the responsibilities aforesaid, including supervision of the Parking Garage elevator and parking garage premises, DEFENDANTS owed a duty to individuals who entered The Premises to provide a reasonably safe environment, free from unreasonable hazards, and to protect Plaintiff from dangerous conditions.

49. DEFENDANTS assumed the responsibility of inspection of The Premises to discover hazardous and dangerous conditions and ensure the safety and security of its' business invitees, including Plaintiff.

50. DEFENDANTS knew or should have known that the safety and surveillance of the Parking Garage elevator were unsafe and otherwise dangerous under the circumstances.

51. DEFENDANTS knew that there was an increase of criminal activity and violent activity on The Premises in the years before April 26, 2014.

52. At all relevant times hereto, DEFENDANTS knew that the public relied upon them to insure the safety and security of The Premises.

53. Notwithstanding the duties imposed upon DEFENDANTS, and knowing full and well their respective duties to Plaintiff, the DEFENDANTS, individually, jointly, and through the actions of their agents, officers, servants, and employees, acted in a negligent manner by:

  a. Failing to keep The Premises in a safe condition for the use of business invitees;
  b. Failing to have adequate surveillance of The Premises, specifically the Parking Garage elevator near The Quarter;
  c. Failing to create, implement and enforce proper policies and procedures for the Parking Garage elevator near The Quarter;
  d. Failing to create, implement and enforce proper policies and procedures to combat increasing criminal activity on The Premises;
  e. Failing to create, implement and enforce proper policies and procedures to combat increasing violent crime on The Premises;
  f. Failing to create, implement and enforce proper policies and procedures following the assaults on patrons that have occurred on defendant's premises prior to the April 26, 2014 assault of Garrett Griffin;
  g. Failing to comply with accepted industry standards practices with respect to surveillance and security on The Premises;
  h. Failing to timely alert the police of the April 26, 2014 assault of Garrett Griffin;

i. Failing to provide adequate security under the circumstances;

j. Failing to properly train security officers;

k. Failing to insure that properly trained security officers were always on The Premises;

l. Failing to properly monitor The Premises;

m. Failing to remove dangerous individuals from The Premises, including the Perpetrators on April 26, 2014;

n. Failing to hire, employ, or retain personnel sufficiently qualified to supervise the safety of The Premises;

o. Failing to warn of known risks and dangerous conditions on The Premises;

p. Failing to provide foreseeable safeguards to prevent the brutal assault of Plaintiff, Garrett Griffin;

q. Failing to maintain surveillance equipment in a proper and adequate condition;

r. Failing to establish or enforce policies to deter and/or prevent loitering on The Premises;

s. Failing to promulgate, adopt and/or enforce reasonable policies and procedures for use by their agents, officers, servants, and/or employees to ensure the safety and security of The Premises;

t. Failing to adopt such other security measures as were necessary and reasonable to protect and safeguard the health, safety and welfare of their business invitees;

u. Failing to intervene to prevent the assault of Plaintiff;

v. Failing to prevent criminal activity on The Premises;

w. Failing to prevent foreseeable and unreasonable risks of harm or bodily assault to its' business invitees;

x. Failing to perform assumed duties;

y. Failing to rescue the plaintiff and provide/ transport to appropriate medical attention;

z. Being otherwise careless and negligent under the circumstances.

54. As a direct and proximate result and consequence of each of DEFENDANTS' negligent and wanton acts and omissions, Plaintiff was brutally assaulted on April 26, 2014.

55. Had the DEFENDANTS taken the proper steps to provide adequate security and surveillance of The Premises, Plaintiff would not have been assaulted and would not have suffered permanent injuries on April 26, 2014.

56. The DEFENDANTS engaged in outrageous behavior by decreasing security and surveillance measures prior to the April 26, 2014 incident and the overall increase of criminal activity and violent crime on The Premises.

57. The DEFENDANTS knew that prior to the April 26, 2014 incident that without increased surveillance and security that there was a high degree of probability that assaults on patrons would occur on The Premises in the same manner.

58. There is clear and convincing evidence that the brutal assault of Plaintiff was caused by the actions/ inactions of the DEFENDANTS which demonstrated a negligent and wanton disregard for the rights and safety of its business invitees.

59. Given the likelihood that criminal activity and violent activity would occur on The Premises, the record of assaults on the defendants' premises prior to the brutal assault of Garrett Griffin on April 26, 2014, and the willful and wanton disregard shown to their business invitees, the imposition of punitive damages is warranted against the DEFENDANTS.

60. As a direct and proximate result of the carelessness and negligence of the DEFENDANTS, individually and in concert, jointly and severally, and by and through

their agents, servants, and employees, PLAINTIFF, was caused to suffer the following injuries and damages:

a. Medical and related expenses in the past;

b. Medical and related expenses in the future;

c. Physical pain and suffering for numerous injuries, to also include brain injuries, some facial injuries requiring surgery;

d. Mental pain and anguish in the past;

e. Mental pain and anguish to be experienced in the future;

f. Humiliation, embarrassment, and inconvenience in the past;

g. Humiliation, embarrassment, and inconvenience to be experienced in the future;

h. Loss of enjoyment of life in the past; and

i. Loss of enjoyment of life to be experienced in the future.

j. Loss of earnings both in the past and in the future.

k. Loss of job/ career opportunities both in the past and in the future.

l. Post traumatic stress disorder.

m. Disfigurement.

WHEREFORE, PLAINTIFF seeks and prays for full and complete compensatory damages as a result of the wrongdoing by these Defendants. PLAINTIFF additionally seeks the costs and expenses of this litigation, plus interest including any pre-judgment interest to which he may be entitled. PLAINTIFF additionally requests trial by jury.

...

## COUNT II – NEGLIGENCE – FAILURE TO RESCUE
## PLAINTIFF v. ALL DEFENDANTS

62. Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

63. The negligence of Defendants, jointly and severally, in directly and proximately causing the incident described herein, included:

(a) failing to take reasonable and necessary steps to rescue Plaintiff after placing him in a perilous position;

(b) failing to exercise reasonable care to prevent further harm after Plaintiff was helpless and in danger of further harm;

(c) failing to take reasonable and necessary steps to give aid or assistance to Plaintiff after observing Plaintiff's injuries that were caused by defendant's negligence;

(d) failing to take reasonable and necessary steps to obtain aid or assistance for Plaintiff after Plaintiff was helpless and in danger of further harm;

(e) failing to take reasonable and necessary steps to prevent the delay in the emergency medical care of Plaintiff;

(f) failing to take reasonable and necessary steps to prevent the delay in the critical care/trauma center treatment of Plaintiff;

(g) delaying attempts to rescue Plaintiff by failing to call for medical assistance and/ or to transport patient to the hospital;

(h) rendering plaintiff to having impaired judgment and mental capacity due to the lack of medical aid after the brutal assault on Plaintiff;

13

  (i) exhibiting a callous disregard for Plaintiff's life and physical condition by failing to obtain medical assistance after observing him helpless and in danger of further harm;

  (j) being negligent at law.

64. The aforementioned incident resulted, individually, jointly and severally, from the negligence and recklessness of Defendants and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

65. As a direct and proximate result of Defendants' negligence, jointly and severally, Plaintiff was caused to sustain painful, permanent, severe and disabling injuries, including but not limited to:

  (a) an increased risk of harm;

  (b) neurological injuries due to trauma to the head;

  (c) neurological injuries due to significant impact to the brain;

  (d) neurological injuries due to delay in first aid and/or medical treatment;

  (e) auditory deficits;

  (f) motor functional deficits;

  (g) cognitive deficits;

  (h) severe impairment of ability to restful sleep;

  (i) diminished ability to concentrate;

  (j) humiliation;

  (j) depression.

  (k) Personality disorder

  (l) Post Traumatic Stress Disorder

14

66. As a further direct and proximate result of Defendants' negligence, jointly and severally, Plaintiff has had to experience difficulty in concentrating at his work related projects and other areas.

67. As a further direct and proximate result of Defendants' negligence, jointly and severally, Plaintiff, has incurred medical expenses in the past, continues to incur medical expenses in the present, and is likely to incur medical expenses in the future.

68. As a further direct and proximate result of Defendants' negligence, jointly and severally, Plaintiff has experienced a loss of past and future income as well as loss of past and future job/ career opportunities.

69. As a further direct and proximate result of Defendants' negligence, jointly and severally, Plaintiff has experienced severe physical and emotional pain and suffering in the present and is likely to experience severe physical and emotional pain and suffering in the future and it is probable that such physical and emotional pain and suffering will be permanent.

WHEREFORE, PLAINTIFF seeks and prays for full and complete compensatory damages as a result of the wrongdoing by these Defendants. PLAINTIFF additionally seeks the costs and expenses of this litigation, plus interest including any pre-judgment interest to which he may be entitled. PLAINTIFF additionally requests trial by jury.

## COUNT THREE - BREACH OF PROMISE TO PROVIDE SAFE AND SECURE PREMISES FOR GUESTS
## PLAINTIFF v. ALL DEFENDANTS

70. Plaintiff repeats, re-alleges, and reiterates each and every preceding paragraph as if set forth at length herein.

71. The DEFENDANTS through their direct and indirect marketing and invitation to PLAINTIFF, expressly and implicitly promised that such hotel and casino was:

   a. reasonably safe; and

   b. that the staff were adequately trained to accommodate all of their reasonable and necessary needs for safe enjoyment of the defendants' hotel, casino, restaurants and common areas such as the garage, elevators and all facilities, as well as all the amenities of the hotel provided within the invitation, including exceptional hospitality.

72. The DEFENDANTS, through their direct and indirect marketing and invitation to the PLAINTIFF, expressly and impliedly created a reasonable expectation to the PLAINTIFF that all staff, security, and management were there to provide a very pleasant and accommodating hotel, casino and restaurant experience.

73. These express and implicit promises, were a basis for the PLAINTIFF'S decision to go visit the DEFENDANTS' restaurant on the premises of their hotel and casino.

74. The DEFENDANTS breached these promises when they wrongfully failed to discover control and evict the Perpetrators, as well as failing to protect plaintiff from being physically and brutally assaulted, battered, and seriously injured, and failing to come to his aid after the PLAINTIFF was seriously and visibly injured.

WHEREFORE, PLAINTIFF seeks and prays for full and complete compensatory damages as a result of the wrongdoing by these DEFENDANTS. PLAINTIFF additionally seeks the costs and expenses of this litigation, plus interest including any pre-judgment interest to which he may be entitled. PLAINTIFF additionally requests trial by jury.

## COUNT FOUR – PUNITIVE DAMAGES

75. PLAINTIFF Repeats, re-alleges, and reiterates each and every preceding paragraph as if set forth at length herein.

76. Upon information and belief, DEFENDANTS, through their agents, servants, employees, parents, and subsidiaries recklessly disregarded the risk of harm that could be caused to PLAINTIFF with knowledge that the security staff and management at TROPICANA CASINO AND HOTEL were incompetent to handle basic security issues in a proper manner.

77. Upon information and belief, DEFENDANTS acted intentionally, deliberately, maliciously, willfully, wantonly, and/or with a reckless indifference to human life, causing PLAINTIFF to suffer physical and emotional injury.

78. PLAINTIFF further alleges that a high probability of serious harm from the foreseeable acts and/or omissions were apparent, and existed at all relevant times.

79. As a direct and proximate cause of the aforementioned acts and omissions, the PLAINTIFF has been caused to suffer severe and significant injures and incur compensable damages.

80. PLAINTIFF requests relief in the form of punitive damages pursuant to New Jersey's Punitive Damages Act, N.J.S.A. 2A:15-5.9, et. seq.

WHEREFORE, the PLAINTIFF demands judgment against the aforementioned DEFENDANTS, either jointly, severally or in the alternative, for damages, including punitive damages pursuant to N.J.S.A. 2A:15-5.9, et. seq., together with interests and costs of suit.

### JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiff hereby demands a Trial by Jury on all the issues raised in the within Pleadings.

LAW OFFICES OF DAVID P. THIRUSELVAM, L.L.C.

By: _____
KEITH THOMAS WEST, ESQUIRE
*Attorney for Plaintiff*

### DESIGNATION OF TRIAL COUNSEL

David P. Thiruselvam, Esquire of the Law Offices of David P. Thiruselvam, LLC, is hereby designated as trial counsel for plaintiffs.

### RULE 4:5-1 CERTIFICATION

I, Keith Thomas West, Esquire, hereby certify that the matter in controversy is not the subject matter of any other existing or contemplated action in this Court or any other Court. I further certify that the matter in controversy is not the subject of any arbitration proceedings. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

**LAW OFFICES OF DAVID P. THIRUSELVAM, LLC**

/s/ _____
KEITH THOMAS WEST, ESQUIRE
*Attorney for Plaintiff, Garrett Griffin*

Date: June 13, 2017